UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-25-7315-DMG (PVCx) | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Joselyn Patricia Maniquis v. General Motors, LLC, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [17]**

On March 27, 2025, Plaintiff Joselyn Patricia Maniquis filed her Complaint in Los Angeles County Superior Court against Defendant General Motors, LLC. [Doc. # 1-1 ("Compl.").] Maniquis alleges violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") (breach of express and implied warranties, and violations of California Civil Code section 1793.2) and violation of the Magnuson-Moss Warranty Act ("MMWA"). *Id.* at ¶¶ 8–44.

Maniquis requests: recission of the purchase contract; actual damages; restitution; a civil penalty in the amount of two times her actual damages pursuant to California Civil Code section 1794(c); consequential and incidental damages; remedies authorized by California Commercial Code sections 2711, 2712, and 2713; and costs, expenses, and attorney's fees pursuant to California Civil Code section 1794(d). *Id.* at ¶ 6; Prayer for Relief at (a)-(h). On May 16, 2025, General Motors filed its Answer in state court. [Doc. # 1-2.] General Motors removed the action to this Court on August 7, 2025 on the basis of diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1 ("NOR").]

On September 29, 2025, Maniquis filed a motion to remand on the ground that General Motors failed to establish the amount in controversy for diversity jurisdiction. [Doc. # 17 ("MTR").] The MTR is fully briefed. [Doc. ## 18 ("Opp."), 20 ("Reply").] The parties do not dispute that their citizenship is diverse. *See generally* MTR; *see* Opp. at 10[1]; Compl. at ¶¶ 2, 4; NOR at 3–4. Nor does Maniquis contest the removal's timeliness.[2]

Having duly considered the parties arguments, the Court **DENIES** Maniquis' MTR.

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

[2] General Motors claims removal was timely in its NOR and Maniquis does not raise any issue as to timeliness in her MTR. *See* NOR at 7–11; MTR at 8 (identifying basis for remand). Maniquis has therefore waived any objection to the timeliness of removal. *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-25-7315-DMG (PVCx)** | Date | October 30, 2025 |
| Title | ***Joselyn Patricia Maniquis v. General Motors, LLC, et al.*** | Page | 2 of 3 |

## I.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

## II.
## DISCUSSION

Maniquis purchased a 2019 Chevrolet Sonic, VIN 1G1JD5SBXK4137889. Compl. at ¶¶ 6, 9. The purchase price of the vehicle based upon the Retail Installment Sale Contract ("RISC") is $39,363.75. Opp. at 11; Decl. of Naoki Kaneko ISO Opp. ("Kaneko Decl.") at ¶ 2 [Doc. # 18-1]. Maniquis purchased the new vehicle on or around October 26, 2019, from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods. Compl. at ¶¶ 9–10; Kaneko Decl., Exhibit A [Doc. # 18-2 at 2]. Maniquis alleges General Motors' violations were willful. Compl. at ¶¶ 17, 24, 28.

The Song-Beverly Act allows plaintiffs to recover both actual damages and up to two times the amount of actual damages in civil penalties if they can establish that the defendant's violation was willful. Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(c). Civil penalties under the Song-Beverly Act are included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The relevant inquiry is thus "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.* at 1205. Based on the purchase price and civil penalties alone, the amount in controversy exceeds $75,000.[3]

General Motors has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins.*

---

[3] $39,363.75 + ($39,363.75 x 2) = $118,091.25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-25-7315-DMG (PVCx)** | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Joselyn Patricia Maniquis v. General Motors, LLC, et al.* | Page | 3 of 3 |

*Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts may consider facts in the removal petition as well as "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Id.* The RISC is sufficient evidence of actual damages. As for penalties, Maniquis' own allegations of willful violations and request for civil penalties are sufficient. *Accord Tadevosyan v. Kia Am.*, Inc., No. CV 24-11232-DMG (JCX), 2025 WL 1425545, at *2 (C.D. Cal. May 16, 2025) (including civil penalties in the amount of controversy based on similar allegations).

Courts disagree on whether Song-Beverly Act offsets go to the amount in controversy. *See Nicolas Puno v. Gen. Motors LLC, et al.*, No. CV 25-7365-DMG (PDX), 2025 WL 2986674, at *3 (C.D. Cal. Oct. 23, 2025); *see also Larios v. Nissan N. Am., Inc.*, No. CV 25-05095-AJR, 2025 WL 2402250, at *5 (C.D. Cal. Aug. 16, 2025) (collecting and comparing cases). Even if this Court considers the offsets in this action, the amount in controversy still exceeds $75,000. General Motors calculates $5,667.72 in mileage offsets and $5,895.00 in third-party contract and rebate offsets. Opp. at 11; Kaneko Decl. at ¶ 3. In support, General Motors attaches the vehicle's repair history. Kaneko Decl., Exhibit B [Doc. # 18-3]. General Motors has made a non-speculative showing of these offsets. *See* Reply at 9–11. Considering offsets, Maniquis' actual damages total $27,801.03. Opp. at 11. The combination of Maniquis' actual damages and civil penalties, even including offsets, exceeds $75,000.[4]

Accordingly, General Motors' removal of this action to this Court was proper.[5]

### III.
### CONCLUSION

In light of the foregoing, the Court **DENIES** Maniquis' MTR. The hearing set for October 31, 2025 is **VACATED**.

---

[4] $27,801.03 + ($27,801.03 x 2) = $83,403.09.

[5] Because the amount in controversy is satisfied through consideration of Maniquis' actual damages and civil penalties under the Song-Beverly Act, the Court need not address the issue of attorneys' fees. MTR at 18–21; Reply at 11–13. Moreover, General Motors did not remove this action based upon federal question jurisdiction under the MMWA, therefore the Court need not address it.